NORTHLAND COMPANY, Appellant, vs. KOHL, Respondent.

*October 25—November 13, 1917.*

*Bills and notes: Validity: Consideration.*

A finding of the trial court that a promissory note was invalid for want of a consideration is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action to recover on a note, commenced in the civil court of Milwaukee county.

The complaint alleges that the plaintiff, a corporation, had, by assignment from C. R. Gether, become owner of a promissory note for $375 payable to him and executed by the defendant, *John Kohl*. This note, it is alleged, was to be paid in monthly instalments of $5 or more on or before the 10th day of each month after August 8, 1912, with interest at five per cent. on all unpaid amounts until fully paid. The plaintiff claimed that no part of the note had been paid except the sum of $110, and that there is now due, payable

and unpaid on the note as principal and interest $83.08, for which due demand has been made.

The defendant denies that he executed or delivered the note in suit, alleging that the signature on the note is not his, was not authorized by him, and is a forgery. He further alleges that, if the note in suit was executed to C. R. Gether, it was with the knowledge of C. R. Gether that the note was without consideration of any kind.

The Realty Savings Company was organized in 1910 to acquire and dispose of certain real estate in the villages of East Milwaukee and Whitefish Bay. C. R. Gether, the payee of the note in question, owned the greater portion of the company's stock, part of which he had sold, the remaining part of which he was desirous of selling. His method of sale was to transfer stock to a purchaser, taking, when desired, an initial payment and a promissory note for the balance in the form of the note in suit, payable in monthly instalments. The stock was exchangeable, at the holder's option, for a deed for lots at a certain number of front feet per share, the certificate being meantime deposited with Gether as security for the payment of the note. The terms of the pledge, set forth in the note, authorize Gether to sell upon notice in case of default, and, as the stockholder's agent, to transfer to a purchaser. The note in suit was given to Gether for the purpose of paying for five shares of the company's stock. After default and notice to the respondent the certificate was sold and transferred to the appellant, and the note was also indorsed to it—the *Northland Company* having previously acquired all of Gether's unsold stock in the Realty Savings Company.

In 1912 the C. R. Gether Company, a corporation controlled by Gether, rented a portion of its premises in Milwaukee to the Heller Piano Company, engaged in selling pianos, chiefly on conditional sales contracts, one Heller being its president and Butler its vice-president. In the sum-

mer of 1912 Heller asked Gether to buy some of his piano contracts at a discount. Gether told him he had no money available for the purpose, but if Heller could sell some of the Realty Savings Company stock he could probably use the notes as a basis for credit at the banks, and with the money buy some of the piano contracts. Heller arranged to do this and turned over to Gether a "subscription" list of sales made by Heller of the Realty Savings Company's stock, showing amounts sold on instalments payable by the signers. Gether made out the note and certificate for each purchaser, which, accompanied by a receipt, were then delivered to Heller to obtain signatures by Gether personally. The defendant, *Kohl,* was one of the persons included in the list of subscribers furnished by Heller. His certificate came back to Gether from Heller with the note attached and signed. Heller testified that he explained to the signers, who were his employees, that "after they saw the land if they did not like it the Heller Piano Company would pay for it and keep up their payments—that it was a good investment." *Kohl* received monthly notices from Gether of instalments falling due and says that he took the first one to Heller, who said he would take care of it. The remainder he disregarded, as he did also Gether's letter containing notice that his stock would be sold. *Kohl* denies that the signature on the note is his, and testifies that he had no understanding with Heller to purchase the stock, and that his only reason for taking the first notice to Heller was to find out what it was. Heller testifies in effect that the Heller Company undertook to make the payments on the subscriptions he reported as sales to Gether and that it did so for all subscribers who did not want the stock, and that it paid for *Kohl's* subscription, and that he had an understanding with Gether that the Heller Company should receive the benefit of all payments it made on each subscription. It is stipulated that the plaintiff company is chargeable with such notice as Gether had.

The civil court of Milwaukee county found that the signature was the respondent's, but held that there was a want of consideration for the note as to the defendant, *Kohl*. The circuit court affirmed the findings of the civil court and awarded judgment accordingly. This is an appeal from such judgment.

For the appellant the cause was submitted on the brief of *Rossiter Lines* of Milwaukee.

*William E. Burke* of Milwaukee, for the respondent.

SIEBECKER, J. The record discloses that the defendant's signature to the note in question was secured by Heller for the purpose of having the Heller Piano Company use it under an arrangement with C. R. Gether for the purchase of stock in the Realty Savings Company, managed by C. R. Gether, and to enable Gether to use the note as collateral to obtain money to buy piano sales contracts of the Heller Piano Company. It is shown that the defendant and Heller at no time consummated an agreement or arrangement whereby the defendant obligated himself as purchaser of the stock or became liable on the note as such purchaser. On the other hand, it appears that the note was obtained by Heller and that he used it to secure a subscription of stock in the Realty Savings Company for the Heller Piano Company, and that C. R. Gether had knowledge of the facts and circumstances characterizing this transaction between Heller and the defendant. Gether learned that Heller was paying the instalments on this note for the benefit of the Heller Piano Company. It is manifest that the note was executed by the defendant without any consideration. In the light of all the facts and circumstances of the case we are persuaded that the civil and circuit courts correctly found that the note is invalid for want of a consideration.

*By the Court.*—The judgment appealed from is affirmed.